WILLIAM GREEN *v.* JOSEPH MEYERS, ET AL.

**Husband and Wife—Separate Estate of Wife—Curtesy.**

> Where a husband and wife separate and a separate estate is created in the wife by a conveyance made to a trustee, the husband may still have curtesy unless there is some declaration in the instrument releasing such right. Where the intention to prevent curtesy is not clear courts of equity favor the husband's right.

APPEAL FROM BULLITT CIRCUIT COURT.

February 17, 1877.

OPINION BY JUDGE PRYOR:

There can be no question but that the effect of the conveyance to the trustee was to pass to Mrs. Breen a fee simple title to the land,

but we find no provision by which the husband has surrendered his right to curtesy. It is evident that the fee in the land was never to be restored to him, and that at the death of the wife it was to pass to her heirs. The wife, by her trustee, had surrendered her right to dower in his land in express terms, and upon a consideration, no doubt, that was amply sufficient to uphold it; yet we find no relinquishment by the husband of his marital right, save the agreement to live apart, and the vesting in the wife of the absolute title to the land in controversy. A separate estate created in the wife will not prevent curtesy unless there is some declaration in the instrument to that effect, and the rule is, that where the intention to prevent curtesy is not clear, courts of equity favor the husband's right. 1 Bright on Husband and Wife 137.

In the case of *Morgan v. Morgan,* 5 Mad. 408, an estate of marriage settlement passed to trustees in fee for the separate use of the wife, with power on her part to appoint the fee by deed or will, and if not, in trust for her, her heirs and assigns. It was held that the husband was tenant by the curtesy.

In the case of *Follett v. Tyrer,* 14 Sim. 125, on a marriage settlement the estate was conveyed to the trustee for the separate use of the wife for life, with remainder as she should by will or deed appoint, and in default to her right heirs the husband was given curtesy. There is no exclusion of the husband in this deed, after the death of the wife, and the law will not imply a surrender by the husband, for the reason alone that the conveyance was based upon a separation between the parties. The wife was certainly vested with an equitable fee, and if she had died leaving children the estate would have passed by descent to the children subject to the husband's curtesy. In passing the title to the wife and her heirs language was used indicating that it was not a life estate the husband was conveying, but the absolute fee. There is nothing in the deed divesting him of his curtesy, but on the contrary the wife must have had the title in order to creat such a tenancy in the husband.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.. 1 Bright on Husband and Wife 141.

*W. R. Thompson, R. H. Field, for appellant.*

*F. J. Strauss, for appellees.*